**FILED**

2011 FEB -2  AM 11: 47

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

EFRAIM ROSAIRO,

Plaintiff,

vs.                                                              Case No.: 6:11-CV-168-19 KRS

MIDLAND CREDIT
MANAGEMENT, INC.,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, EFRAIM ROSAIRO, is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant MIDLAND CREDIT MANAGEMENT, INC. (Defendant "MCM"), is a collection agency operating from an address of 8875 Aero Dr. Ste. 200, San Diego, California, 92123, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant MCM regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant MCM regularly collects or attempts to collect debts for other parties.

9. Defendant MCM was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

1. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

2. On May 29, 2009, Plaintiff paid the amount of $489.21 from his SunTrust bank account to a debt collection company which served to satisfy and extinguish the debt which Defendant MCM was attempting to collect from this Plaintiff.

3.  Sometime after May 29, 2009, the debt was consigned, placed or otherwise transferred to Defendant MCM for collection from this Plaintiff.

4.  On or about November 8, 2010, Defendant MCM, sent a letter to Plaintiff in an attempt to collect an illegitimate and nonexistent debt from this Plaintiff.

5.  Defendant MMC knew or had reason to know that the Plaintiff had satisfied and extinguished his debt prior to purchase and attempted collection of said debt.

6.  As a result of Defendant MCM's improper conduct Plaintiff's credit rating has been damaged.

## SUMMARY

7.  The above-described purchase and sale of Plaintiff's debt, which was satisfied on May 29, 2009, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692f(1); 15 U.S.C. § 1692f(2); 15 U.S.C. § 1692d; as well as the FCCPA § 559.72(9).

8.  The above-detailed conduct by this Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, and resulted in actual damages to this Plaintiff.

## TRIAL BY JURY

9.  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. The foregoing act and/or omission of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

12. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

13. Defendant MCM attempted to claim and enforce a debt when Defendant knew or should have known that Plaintiff's debt was no longer existent.

14. As a result of the improper collection practices of Plaintiff's nonexistent debt, Plaintiff's credit rating has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant MCM.

Dated: January 26, 2011

Respectfully submitted,

*/s/ Andrew I. Glenn*

Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff